# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNIE L. GREER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| STATE FARM FIRE AND | ) Case No. CIV-19-378-PRW |
| CASUALTY COMPANY, and, | ) |
| ROBERT W. KAWERO, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. 4) filed May 5, 2019. In his motion, Plaintiff requests the Court to remand this case to the state court from which it was removed by Defendant State Farm Fire and Casualty Company. Plaintiff also requests that he be awarded costs and expenses associated with the removal and remand. State Farm filed a response (Dkt. 10) on June 13, 2019, and Plaintiff filed a reply (Dkt. 11) on June 20, 2019. For the reasons set forth below, the motion to remand is granted with respect to the request for remand, but is denied with respect to the request for fees and costs.

A case pending in state court may be removed by a defendant to federal court in "any civil action brought in a State of which the district courts of the United States have original jurisdiction . . . ," including diversity jurisdiction.[1] The party invoking federal jurisdiction has the burden of alleging jurisdictional facts that establish federal subject

---

[1] 28 U.S.C. § 1441(a) (2012).

matter jurisdiction.² Defendant State Farm removed this case invoking this Court's diversity jurisdiction, which requires among other things the parties be completely diverse. This means that "no plaintiff may be a citizen of the same state as any defendant."³

The parties are not completely diverse because while Defendant State Farm is a citizen of Illinois, Plaintiff and Defendant Robert W. Kawero are both citizens of Oklahoma.⁴ State Farm argues, however, that removal was proper because the claim against the non-diverse Defendant Kawero was fraudulently misjoined.

Fraudulent misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action."⁵ The Tenth Circuit has not adopted this doctrine,⁶ and lower courts have taken a range of approaches to its application—including not applying it all.⁷ The Court need not decide which approach is

---

² *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936).

³ *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

⁴ *See* Pl.'s Pet. (Dkt. 1-2) ¶¶ 1–3, at 2, 4.

⁵ *LaFalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010).

⁶ *Id.* ("There may be many good reasons to adopt procedural misjoinder, as the Insurers argue. But we need not decide that issue today, because the record before us does not show that adopting the doctrine would change the result in this case.").

⁷ *See, e.g.*, *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1209–10 (D. Nev. 2018) (rejecting doctrine entirely); *Sampson v. Miss. Valley Silica Co.*, 268 F. Supp. 3d 918, 921–22 (S.D. Miss. 2017) (looking only to state joinder standard to determine whether parties were fraudulently misjoined); *Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1359 (W.D. Okla. 2013) (declining to adopt or extend doctrine), *aff'd sub nom. Parson v. Johnson & Johnson*, 749 F.3d 879 (10th Cir. 2014); *Magnuson v. Jackson*, No. 4:11-cv-00561-CVE-PJC, 2012 WL 2995669, at *4 (N.D. Okla. July 23, 2012) (applying doctrine and finding parties not to be fraudulently misjoined); *Bunnell v. Oklahoma MH Props., LP*, No. 5:12-cv-00372-R, 2012 WL 12863916, at *1 (W.D. Okla. May 11, 2012)

best, however, because under the standards of both Fed. R. Civ. P. 20 and Okla. Stat. tit. 12, § 2020(A)(2) (2011), Plaintiff has a reasonable procedural basis to join Defendant State Farm and Defendant Kawero in this single action.

Rule 20 permits the joinder of defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[8] "[C]laims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."[9]

The claims against State Farm and the claim against Kawero arise out of the accident that occurred when Kawero drove a vehicle into Plaintiff's property,[10] and are not "wholly

---

(applying doctrine and finding parties to be fraudulently misjoined and looking to both Fed. R. Civ. P. 20 and state joinder standard to determine whether parties were fraudulently misjoined); *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 380–81 (D. Md. 2011) (looking only to FRCP 20 standard to determine whether parties were fraudulently misjoined) ) (rejecting "egregiousness" requirement); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (abrogated on other grounds by, *Cohen v. Office Depot, Inc*., 204 F.3d 1069, 46 Fed. R. Serv. 3d 73 (11th Cir. 2000)) (requiring misjoinder to be "egregious" to meet fraudulent misjoinder standard).

[8] Fed. R. Civ. P. 20 (a)(2)(A)–(B).

[9] *Sprint Commc'ns Co. v. Theglobe.com, Inc*., 233 F.R.D. 615, 617 (D. Kan. 2006) (internal citation and quotation marks omitted); *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004).

[10] *See* Pl.'s Pet. (Dkt. 1-2) ¶¶ 9–11, 17, at 3, 5; Pl.'s Mot. Remand (Dkt. 4) at 1–2.

distinct" such that their joinder constitutes fraudulent misjoinder.[11] This is so because while the claims against State Farm arise out of its handling of the insurance claim for the damages allegedly caused by Kawero, proof of the claims against each Defendant will overlap in many respects. Plaintiff alleges that Kawero's negligence resulted in damage to his property.[12] Plaintiff also alleges that State Farm breached its contract with Plaintiff by not paying him certain insurance policy benefits due to him because of the damage to his property allegedly caused by Kawero.[13] Plaintiff is therefore likely to introduce identical evidence against both Defendants about the property damage, and Defendants are also likely to introduce identical or similar evidence about any pre-existing damage to Plaintiff's property that may reduce the liability of each. Separate trials thus make little sense, and would result in delay, inconvenience, and added expense to the parties and to the Court. These common questions of law or fact that will arise—i.e., the extent of damage caused by the accident and the pre-accident condition of the damaged property—indicate that the claims arise from the same transaction or occurrence.

State Farm argues to the contrary by focusing on the unique elements of the claims against it and Kawero.[14] But lack of overlapping elements is not enough to establish an

---

[11] *Tapscott*, 77 F.3d at 1360; *see also Magnuson*, 2012 WL 2995669, at *4 4 ("Plaintiff's claims arise out of an automobile accident and Allstate's subsequent handling of plaintiff's third-party insurance claim for alleged injuries suffered in the automobile accident, and these sets of claims are not so distinct that the doctrine of fraudulent misjoinder would apply.").

[12] *See* Pl.'s Pet. (Dkt. 1-2) ¶¶ 14–17, at 4.

[13] *See id.* ¶¶ 8–13, at 2–4.

[14] Def.'s Resp. (Dkt. 10) at 15.

absence of common questions of law or fact. Plaintiff will likely use the same facts (Defendant Kawero's accident and the resulting damage to Plaintiff's property) to attempt to prove the element of causation in his negligence claim against Kawero, and to attempt to prove the validity of his insurance claim against State Farm in his breach of contract and bad faith claim against State Farm. This being so, permissive joinder under Rule 20 is appropriate.

Permissive joinder would also be appropriate under Oklahoma law, which permits the joinder of defendants in one action "if there is asserted against them jointly, severally, or in the alternative: "a. any right to relief in respect of or arising out of the same transaction or occurrence, or b. if the claims arise out of a series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action, or c. if the claims are connected with the subject matter of the action."[15] Again, the claims against State Farm and Kawero arise from the same transaction or occurrence and share common questions of law and fact.[16] Thus, under both the federal and Oklahoma permissive joinder standards, joinder of the defendants is proper.

For these reasons, State Farm has failed to meet its burden of establishing the existence of federal subject matter jurisdiction at the time this case was removed to federal court. Accordingly, the case must be remanded to the state court from which it came.

---

[15] Okla. Stat. tit. 12, § 2020(A)(2) (2011).

[16] *A-Plus Janitorial & Carpet Cleaning v. Emp'rs' Workers' Comp. Ass'n*, 1997 OK 37, ¶ 21, 936 P.2d 916, 926 ("Because § 2020 parallels the language of Federal Rule 20, both state and federal jurisprudence on the subject is instructive.").

*Costs and Fees*

When a case is remanded to state court, the Court in its discretion "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[17] This determination requires a consideration of the "reasonableness of the removal"; this means that if an "objectively reasonable basis exists" for removal, "fees should be denied."[18]

Shifting of costs and expenses is not warranted here because State Farm has an objectively reasonable basis to seek removal, given the unsettled state of the law with respect to fraudulent misjoinder and its otherwise reasonable arguments with respect to the appropriateness of joinder. As a result, the Court finds in its discretion that the payment of costs and expenses by State Farm pursuant to 28 U.S.C. § 1447(c) is not warranted, and Plaintiff's request for such costs and expenses is thus denied.

\*   \*   \*

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Remand (Dkt. 4). Plaintiff's request to remand this case to state court is **GRANTED**, and Plaintiff's request for costs and expenses is **DENIED**. This action is remanded to the District Court for Canadian County, Oklahoma.

---

[17] 28 U.S.C. § 1447 (2011).

[18] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

**IT IS SO ORDERED THIS 24th day of June, 2019.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE